OPINION
Defendant-appellant Charles Boone appeals May 2, 2001 Judgment Entry of the Stark County Court of Common Pleas which found him guilty of preparation of marijuana for sale and sentenced him accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On February 7, 2001, Ohio Parole Officer Michael Beebe with Alliance Police Detective Donald Bartolett were investigating allegations of potential drug activity at the residence of John Martin in Canton, Ohio. Officer Beebe was Mr. Martin's parole officer. Because they wanted to search his house, the officers picked up Mr. Martin at his place of employment and brought him to the residence at approximately 10:30 p.m. The officers met several other law enforcement officials at Mr. Martin's residence, including Canton City Vice Unit Detective Deborah Geiger.
During the search, Det. Geiger discovered a large bag of marijuana under a cushion of a chair. After speaking with Mr. Martin, Officer Beebe decided to page appellant. Shortly after being paged, appellant arrived at the Martin residence. Appellant entered through the front door where he was met by the police. When appellant reached toward his waistband, the officers conducted a pat down search for their safety. As a result of this search, the officers found two baggies of marijuana in the waistband of appellant's sweat pants. The officers also found a small hand scale in appellant's pocket.
The officers seized appellant's pager. The pager reflected the number of the cell phone Officer Beebe had used to page appellant. The police also searched appellant's vehicle in which they found a box of empty sandwich bags.
Appellant indicated the two bags of marijuana in his pants were his. He also told the officers they would find a large bag of marijuana under a cushion in the living room. Appellant offered this information before the police told him they had recovered marijuana from that location. Appellant also stated the sandwich bags in his car were for personal use and the scale he carried in his pocket was to assure he would not be "ripped off" when he purchased marijuana. The Alliance Police arrested appellant and charged him with preparation of drugs for sale.
On February 16, 2001, the Stark County Grand Jury indicated appellant with one count of preparation of marijuana for sale, in violation of R.C. 2925.07, a felony of the fifth degree. At his February 23, 2001 arraignment, appellant plead not guilty to the charge. The matter proceeded to a jury trial on April 26, 2001.
Appellant testified on his own behalf at trial and presented a slightly different version of the facts than presented by the officers, as notedsupra. Appellant stated he stopped at Schrader's Food IGA after work and purchased a box of cigars, a box of sandwich bags, and one Real Lemon. Appellant then picked his son up and took him home.
After being home for some time, appellant testified he decided to go out for the night. While out, appellant purchased a bag of marijuana for his personal use. Appellant went to his cousin, John Martin's, house to smoke the marijuana he had just purchased. Because Mr. Martin was not at home, and because appellant stated he did not wish to smoke the marijuana alone, he placed a small amount of marijuana in one of the sandwich bags and went to another friend's house.
Appellant testified after he was out for awhile, he decided to return to his cousin's house to notify Mr. Martin appellant had left marijuana in the house. Appellant opened the door and noticed the police officers inside. Appellant testified he consented to a police search of his person and his car. Appellant testified he told the police they would find a large bag of marijuana under the cushion of a chair. Appellant further testified his cousin had nothing to do with the marijuana.
After hearing all the evidence, the jury found appellant guilty of the indicted charge. In a May 2, 2001 Judgment Entry, the trial court found appellant guilty of one count of preparation of marijuana for sale, in violation of R.C. 2925.07. Further, the trial court ordered appellant serve eleven months in prison for the crime. It is from this judgment entry appellant prosecutes his appeal, assigning the following as error:
 APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL.
 APPELLANT'S CONVICTION FOR PREPARATION OF DRUGS FOR SALE WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 I
In appellant's first assignment of error, he maintains he was deprived of effective assistance of counsel. Specifically, appellant argues he was prejudiced by his defense counsel's deficient performance in failing to request a jury instruction on the lesser included offense of possession of drugs. Appellant argues because the jury was not presented another option, despite being faced with appellant's testimony unequivocally admitting he had possessed the marijuana, the fairness of the proceedings were compromised. We disagree.
The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington[1], in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different.[2]
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential.[3] Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance.[4]
In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.[5] A reasonable probability is a probability sufficient to undermine confidence in the outcome.[6]
Failure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel.[7] Accordingly, appellant cannot meet the first prong of theStrickland test.
However, even if appellant could meet the first prong of theStrickland test, he still cannot show he was prejudiced by the omission of the instruction on a lesser included offense for the reasons set forth in our discussion of appellant's second assignment of error, infra. In other words, appellant cannot show that but for defense counsel's failure to request the instruction on the lesser included offense, there is a reasonable probability the outcome of the trial would have been different.
Accordingly, appellant's first assignment of error is overruled.
 II
Herein, appellant first maintains the jury's conviction was not supported by sufficient evidence. Appellant also maintains that even if the conviction was supported by sufficient evidence, the jury lost its way in weighing the evidence which resulted in a manifest miscarriage of justice. We disagree.
In State v. Jenks[8], the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 Jenks, supra, at paragraph two of the syllabus.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment.[9] Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact.[10]
R.C. 2925.07[11], the statute in effect on the date of appellant's arrest, states as follows:
 (A) No person shall knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance when the person intends to sell or resell the controlled substance or when the person knows or has reasonable cause to believe that another person intends to sell or resell the controlled substance.
* * *
In the matter sub judice, appellant was found possessing over 100 grams of marijuana. He testified he stored the bulk of the marijuana at his cousin's home and placed some of the marijuana in bags he purchased. Appellant had more baggies in his trunk, and carried a hand scale, a pager and cell phone.
While we acknowledge this evidence was circumstantial, we find the jury could have concluded appellant intended to sell the marijuana and was weighing the marijuana and placing it into baggies for that purpose. We further note Detectives Bartolett and Geiger each testified the bags, the scale, pager and cell phones are items commonly used by individuals selling drugs. Further, Detective Bartolett testified purchasers of marijuana do not use hand scales to make sure they are not getting "ripped off." Rather, Det. Bartolett opined it is the seller that uses hand scales to make sure the appropriate amount of marijuana is sold.
In light of this circumstantial evidence against appellant, we cannot find the jury's conviction was not supported by sufficient evidence. Further, we do not find the jury lost its way in weighing this evidence, resulting in a manifest miscarriage of justice.
Appellant's second assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed.
Costs assessed to appellant.
Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. Hon. John W. Wise, J. concur.
[1] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673.
[2] State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373; Statev. Combs, supra.
[3] Bradley, 42 Ohio St.3d at 142.
[4] Id.
[5] Id. at syllabus paragraph three.
[6] Id.
[7] State v. Griffie (1996), 74 Ohio St.3d 332, 333, citing State v.Clayton (1980), 62 Ohio St.2d 45, certiorari denied (1980), 449 U.S. 879,101 S.Ct. 227, 66 L.Ed.2d 102.
[8] State v. Jenks (1981), 61 Ohio St.3d 259.
[9] State v. Thompkins (1997), 78 Ohio St.3d 380, 387 citing State v.Martin (1983), 20 Ohio App.3d 172, 175.
[10] State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
[11] The statute was repealed on February 13, 2001.