JOURNAL ENTRY AND OPINION
Defendant-appellant John Young appeals his conviction for assault on a peace officer in violation of R.C. 2903.13(C)(3). The appellant was sentenced to a term of incarceration of one year.
On February 12, 2001, the Cleveland Police Fresh Start Unit was assigned to the area of Woodhill and Crestwood, in the City of Cleveland, a site of chronic complaints from the residents in the neighborhood. Undercover agents were observing a store in the area based upon reports that people were entering and then leaving the store without purchasing anything, an indicator of the sale of illegal drugs. The subject of the surveillance was a gold car driven by Louis Saffo. Officers Ford and Floyd were in direct observation of the building and were in radio contact with Sergeant George Seroka. Sergeant Seroka made the decision to stop and investigate this gold vehicle.
The vehicle was stopped by Cleveland Police Officers Hunt and Shay at approximately 11:30 p.m. near the intersection of Baldwin and Mount Carmel. Five or six officers arrived at approximately the same time. The driver of the vehicle was placed in a police vehicle by officers Shay and Hunt. The vehicle smelled strongly of marijuana. The appellant was seated in the rear seat of the vehicle, behind the driver. Sergeant Seroka asked the appellant to exit the vehicle and move to the rear of the vehicle.
The appellant mumbled when Sergeant Seroka asked his name. Based upon his experience, Sergeant Seroka believed the appellant might have something in his mouth. He asked the appellant to open his mouth. The appellant complied and the sergeant observed three packages of crack cocaine wrapped individually in plastic (T. 250). Rather than spit out the cocaine as requested, the appellant swallowed. Sergeant Seroka applied pressure to the hypoglossal nerve in an attempt to prevent the appellant from swallowing. The appellant was still able to breathe and, in fact, he was screaming. The appellant began to struggle and stated that he had candy, not cocaine. Officer McClure and Sergeant Seroka eventually were able to handcuff the appellant. At this point, the appellant fell to the ground. He landed on his side, rolled over onto his back, and then ceased moving about. Sergeant Seroka testified that officer Shay arrived to assist and that as Officer Shay approached, the appellant purposely kicked him in the groin. Officer Shay buckled over and staggered away.
Officer Shay testified that he was aware that a scuffle was occurring between Sergeant Seroka and the appellant. After Mr. Saffo was secured, officer Shay ran towards the scuffle. Just prior to arriving at his goal, officer Shay saw that the appellant was on the ground. As officer Shay slowed down, the appellant kicked him in the groin. Officer Shay lost his breath for about five minutes and then regained his composure. Officer Shay testified that the kick was not an accident (T. 342).
The appellant was driven to the hospital so that medical steps could be taken to prevent the ingestion of the cocaine. The appellant proclaimed that he had candy in his mouth, not cocaine. During the drive, the appellant repeatedly apologized to officer Shay and indicated that the kick was an accident. The appellant's medical tests were negative for cocaine. Sergeant Seroka affirmatively testified that it was not possible that the appellant had candy in his mouth.
The appellant testified on his own behalf. He stated that he was in the store after leaving the home of his girlfriend. In the store, he met Mr. Saffo and asked for a ride home. He stated that he was in Saffo's vehicle 30 seconds before the police stopped the vehicle. Regarding the kick, the appellant testified that it was an accident, that he did not even see officer Shay, and that he did not know he had kicked anyone until he was seated in the police vehicle. The appellant stated that he repeatedly apologized to officer Shay, and the kick was an accident.
The appellant sets forth one assignment of error:
 APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL WHERE A JURY INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF MISDEMEANOR ASSAULT WAS NOT REQUESTED.
The appellant asserts that he was rendered ineffective assistance of counsel by counsel's failure to request a jury instruction on the lesser-included offense of disorderly conduct.[1]
Ineffective assistance claims are evaluated in a two-step process. First, the defendant must show that counsel's representation fell below an objective standard of reasonableness. State v. Keenan (1998),81 Ohio St.3d 133, 152, citing to Strickland v. Washington (1984),466 U.S. 668, 688. Second, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. See also Statev. Davie (1997), 80 Ohio St.3d 311, 331 and State v. Reynolds (1997),80 Ohio St.3d 670, 674. There is a strong presumption that licensed attorneys are competent and that the challenged action is the product of sound trial strategy. State v. Hamblin (1988), 37 Ohio St.3d 153. Even debatable tactics do not constitute ineffective assistance of trial counsel, for it is obvious that nothing is seen more clearly than with hindsight. State v. Clayton (1980), 62 Ohio St.2d 45, 49. A reviewing court must evaluate trial counsel's performance on the facts of the particular case as of the time of counsel's conduct. Strickland, supra.
In State v. Barnes (2002), 94 Ohio St.3d 21, the Ohio Supreme Court cited to State v. Deem (1988), 40 Ohio St.3d 205 and reiterated its three-pronged test to determine whether a criminal offense is a lesser-included offense of another. It was held that a criminal offense may be a lesser-included offense of another if: (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and, (3) some element of the greater offense is not required to prove the commission of the lesser offense.
The legislature has set forth the definition of assault on a peace officer at R.C. 2903.13(C)(3) as follows:
 (A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
 (B) No person shall recklessly cause serious physical harm to another or to another's unborn.
* * *
 (C) Whoever violates this section is guilty of assault. Except as otherwise provided in division (C)(1), (2), or (3) of this section, assault is a misdemeanor of the first degree.
* * *
 (3) If the victim of the offense is a peace officer, a firefighter, or a person performing emergency medical service, while in the performance of their official duties, assault is a felony of the fourth degree.
The definition of disorderly conduct that the appellant believes should have been charged as a lesser-included offense is found at R.C.2917.11(A)(1) and states that no person shall recklessly cause inconvenience, annoyance, or alarm to another by engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior.
This court has repeatedly held that disorderly conduct can be, under certain circumstances, a lesser-included offense of assault. State v.Koreny (April 12, 2001), Cuyahoga App. No. 78074, unreported; State v.Reider (Aug. 3, 2000), Cuyahoga App. No. 76649, unreported; State v.Sanchez (June 3, 1999), Cuyahoga App. No. 73926, unreported. However, these cases were decided prior to the Supreme Court's determination inBarnes, supra. In Barnes, the court held that the second prong of the Deem test requires an examination of "the offenses at issue as statutorily defined and not with reference to specific factual scenarios." Barnes, supra, at 14. Thus, this court is forced to conclude that disorderly conduct is a lesser-included offense of assault.
In State v. Griffie (1996), 74 Ohio St.3d 332, the court noted that the failure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, certiorari denied (1980), 449 U.S. 879, 101 S.Ct. 227, 66 L.Ed.2d 102. See, also, Reider,supra, where this court essentially held that a defendant is not entitled to an instruction on a lesser-included offense if participation in any wrongdoing is denied.
In the case sub judice, the prosecution presented evidence that the appellant acted with intent when he kicked Officer Shay. The appellant testified that while he did kick the officer, it was an accident. As noted above, there is a strong presumption that a licensed attorney is competent and that the challenged action is the product of sound trial strategy, and further, that even debatable tactics do not constitute ineffective assistance of trial counsel. Here, the appellant asserted the defense of accident to the charge of assault. The appellant asked for and received a jury instruction on the issue of accident. Counsel chose to place the jury in a position whereby they could find the appellant either guilty or not guilty. Such a decision was an acceptable trial tactic under the circumstances and does not constitute ineffective assistance of counsel.
The appellant's assignment of error is overruled.
Judgement affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] As the appellee points out, the assignment of error asserts that appellant was rendered ineffective assistance of counsel by counsel's failure to request a jury instruction on the lesser included offense of a misdemeanor assault. However, the body of the assignment of error argues that appellant was rendered ineffective assistance of counsel by counsel's failure to request a jury instruction on the lesser included offense of disorderly conduct. This court will address the issue raised in the body of the assignment.