THE STATE OF OHIO, APPELLEE, *v.* GRIFFIE, APPELLANT.

[Cite as *State v. Griffie* (1996), 74 Ohio St.3d 332.]

(No. 95–897—Submitted September 12, 1995—Decided January 17, 1996.)

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Carley J. Ingram,* Assistant Prosecuting Attorney, for appellee.

*James Griffie, Jr., pro se.*

---

*Per Curiam.* We affirm the decision of the court of appeals.

In his application for reopening, appellant argued that his appellate counsel was ineffective for not arguing that his trial counsel was ineffective for not requesting an instruction on the lesser included offense of assault. However, appellant offers no support for his argument besides the record. App.R. 26(B)(2)(e) states that an application for reopening shall contain "[a]ny parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies." The record may reveal that trial counsel did not request a certain jury instruction, but, without more, the court of appeals would have to guess as to why trial counsel did not make the request. Failure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel. *State v. Clayton* (1980), 62 Ohio St.2d 45, 16 O.O.3d 35, 402 N.E.2d 1189, certiorari denied (1980), 449 U.S. 879, 101 S.Ct. 227, 66 L.Ed.2d 102.

Under App.R. 26(B)(5), an application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal. Since appellant offered no proof of appellate counsel's ineffective assistance besides the record, no genuine issue was raised. Therefore, we affirm the decision of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.