OPINION
Appellant Jeffrey Pepper is appealing the decision of the Licking County Court of Common Pleas that found him guilty of domestic violence in violation of R.C. 2919.25. The following facts give rise to this appeal.
The Licking County Grand Jury indicted appellant, for one count of domestic violence, on October 9, 1997, as a result of an incident that occurred on September 30, 1997. Appellant and the victim in this case, Teia Pepper, had been married approximately four years prior to this incident. Mrs. Pepper had recently moved out of the marital residence and was residing with her cousin Randa Baker. Mrs. Pepper testified that at noon on the day in question, appellant arrived at Randa Baker's residence, entered and began grabbing Mrs. Pepper. Mrs. Pepper testified, at trial, that she went upstairs because she "seen the look in his eye."
While upstairs, Mrs. Pepper contemplated calling the police, but decided not to do so and returned back downstairs. Mrs. Pepper began talking to appellant about the divorce and her belief that she did not believe the marriage was going to work. At that point, Mrs. Pepper testified that appellant "went off", grabbed her, choked her, hit her with a binder and slammed her into a wall. This occurred at approximately 12:30 p.m.
Once appellant calmed down, he made Mrs. Pepper leave with him in his vehicle. Appellant took Mrs. Pepper to the residence where he was living on Brushy Fork Road. Appellant was residing with John Moran and Lynette Rice. Upon arriving at appellant's residence, appellant telephoned the crisis center. Mrs. Pepper refused to talk to the crisis center. After the call, appellant got ready for work and took Mrs. Pepper back to Randa Baker's residence. After arriving at Baker's residence, Mrs. Pepper telephoned her ex-husband, Peter Nethers, and asked him to take her to the hospital.
This matter proceeded to trial on December 15, 1997. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to a prison term of twelve months to be served consecutive to any term imposed for a probation violation in an unrelated case. Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT HIS TRIAL BY THE ACTS AND OMISSIONS OF HIS ATTORNEY WHICH ARE EVIDENT IN THE RECORD AND ARE IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 I
Appellant contends, in his sole assignment of error, he was denied effective assistance of counsel. We disagree.
The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984),466 U.S. 668. Ohio adopted this standard in the case of State v.Bradley (1989), 42 Ohio St.3d 136. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective. Whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different.
In support of his sole assignment of error, appellant sets forth four separate arguments. First, appellant contends defense counsel was ineffective for informing the jury appellant had the burden of proving his innocence. Specifically, appellant refers to the following statement defense counsel made during opening argument: "All we need to show you is it wasn't Mr. Pepper who did it, that he wasn't there at 12:30 in the morning and that he did not strike Mrs. Pepper." Tr. at 54.
We have reviewed the record and the context in which this statement was made and find this statement did not convey to the jury that appellant had the burden of proving his innocence. We interpret this statement to mean that appellant will be presenting evidence, to the jury, to establish appellant could not have committed the crime because he was not with Mrs. Pepper and he did not strike Mrs. Pepper. This statement, by defense counsel, merely summarized what he expected the evidence to establish. The statement does not indicate appellant had the burden of proving his innocence. Further, in closing argument, defense counsel correctly informed the jury that the state must prove appellant's guilt beyond a reasonable doubt. Tr. at 132.
In his second argument in support of his sole assignment of error, appellant contends defense counsel lacked a strategy or theory. In support of this argument, appellant refers to three statements defense counsel made during opening argument. We have reviewed these three statements and find they do not establish appellant lacked a strategy or theory. The first statement that "by the time I get up here, basically everything's done" has nothing to do with trial strategy or theory. Tr. at 32-33. Appellant next attempts to establish that defense counsel contradicted himself when he said appellant reported to work, as required, and then returned home. Tr. at 54. Defense counsel was merely providing an overview of the facts for the jury concerning appellant's actions that evening. This statement was not inconsistent with the evidence introduced at trial.
Appellant next maintains defense counsel constantly reiterated the time of the incident, whether appellant called the crisis center to "appease" her and stated she wanted to make things easy when referring to the divorce. Tr. at 72-74. We have reviewed these questions by defense counsel and answers by Mrs. Pepper and find they do not establish that defense counsel lacked a strategy or theory. Defense counsel was merely attempting to establish the time of the incident and determine the motive for both Mrs. Pepper's and appellant's actions during this time period.
Appellant also points out that defense counsel only asked Officer Bardsley three questions on cross-examination and questions defense counsel's questioning of Mr. Nethers and Randa Baker. Appellant does not explain, in his brief, how defense counsel was ineffective regarding these three witnesses.
In his third argument in support of this assignment of error, appellant contends defense counsel's conduct, at trial, raised serious questions of competency and established a lack of understanding of the Rules of Evidence and Rules of Civil Procedure. Appellant also maintains defense counsel violated professional and ethical duties. Appellant refers to the fact that defense counsel got appellant to admit that it was possible Mrs. Pepper had injuries on her body prior to him noticing them, at 8:00 p.m., on the evening in question. Tr. at 91.
Appellant also points to the fact that defense counsel only objected three times during the course of the trial and permitted hearsay statements, into evidence, without objecting. Tr. at 79, 80, 111. Appellant further maintains defense counsel failed to object to witness speculation and did not move to strike three prejudicial statements concerning appellant's "look in his eyes". Tr. at 4, 11, 15. Appellant also challenges the fact that defense counsel did not make a motion to acquit pursuant to Crim.R. 29 and failed to request a jury instruction on the minor misdemeanor of disorderly conduct.
We will not question defense counsel's trial strategy. Had defense counsel requested a jury instruction concerning disorderly conduct, this would have contradicted his argument that he did not physically abuse Mrs. Pepper on the date in question. Failure to request a jury instruction on a lesser-included offense is a matter of sound trial strategy and does not establish ineffective assistance of counsel. State v. Griffie (1996),74 Ohio St.3d 332. Further, we cannot say that counsel was ineffective simply because the trial strategy proved unsuccessful.State v. Frazier (1991), 61 Ohio St.3d 247,253.
Finally, in his third argument in support of his sole assignment of error, appellant contends defense counsel's opening statement demonstrated he did not know the facts concerning the time and details of the incident. Appellant also cites to the fact that defense counsel stated the incident occurred on October 30, rather than September 30. We have reviewed these allegations and find no support for appellant's claim that defense counsel was ineffective.
In Ohio, a properly licensed attorney is presumed competent and the burden is on the appellant to establish counsel's ineffectiveness. State v. Hamblin (1988), 37 Ohio St.3d 153,155-156; State v. Lytle (1976), 48 Ohio St.2d 391, 397. We find defense counsel's performance did not fall below an objective standard of reasonable representation and therefore violated any of his essential duties owed to appellant.
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.