DECISION AND JOURNAL ENTRY
Defendant, Jannette Sanders, has appealed from her conviction by the Summit County Court of Common Pleas for felonious assault. We affirm.
On or about the evening of March 20, 1999, Defendant had been together with Andre Hargrove, Maureen Sanders, and an individual identified as Delano. The four had spent the evening drinking alcohol, playing cards and playing darts at Defendant's home. Defendant and Mr. Hargrove had previously dated and still maintained a relationship to some extent. The couple argued several times throughout the evening. Mr. Hargrove eventually left Defendant's residence but returned later to retrieve some of his belongings. Later that night, Defendant went to the apartment where Mr. Hargrove was staying to retrieve some of her belongings. During one of her trips to this apartment, Defendant tried to talk to Mr. Hargrove and he apparently ignored her. After some words were exchanged between the two, Mr. Hargrove retrieved a steak knife from the kitchen and threw it on the floor at Defendant's feet. Defendant retrieved the knife from the floor and took a couple of swipes at Mr. Hargrove, missing both times. Defendant admitted to having engaged in this behavior, but stated that they "play like that all the time." During the ensuing scuffle, Mr. Hargrove received a puncture wound in his neck from some unidentified object.
On March 25, 1999, Defendant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1)/(A)(2), a felony of the second degree. On July 23, 1999, following a jury trial, Defendant was found guilty of the crime as charged. Defendant was sentenced to three years incarceration at the Ohio State Reformatory for Women. Defendant timely appealed and has raised two assignments of error for review.
 ASSIGNMENT OF ERROR I The Trial Court erred in failing to instruct the jury on the inferior offense of aggravated assault in light of the testimony demonstrating that [Defendant] acted under serious provocation.
Defendant has argued that the trial court erred by failing to instruct the jury on the offense of aggravated assault. We disagree.[1]
Upon review of the record, it is apparent that Defendant did not object to the jury instructions as given. It is well settled that an appellate court need not consider alleged error which a complaining party failed to call to the attention of the trial court at a time when such alleged error could have been avoided or corrected. Crim.R. 30(A). However, an exception to this rule of law has been carved out in Crim.R. 52(B) which permits "[p]lain errors or defects affecting substantial rights [to] be noticed although they were not brought to the attention of the court." Plain error is error but for the occurrence of which it can be said that the outcome of the trial would have clearly been otherwise. State v. Underwood (1983), 3 Ohio St.3d 12, 14. As recognized by the Ohio Supreme Court, the plain error doctrine should be applied sparingly, and only when necessary to prevent a clear miscarriage of justice. State v. Wolery (1976), 46 Ohio St.2d 316,327. Succinctly, if it cannot be shown that the outcome of the trial would clearly change given the "proper" instruction, the failure to object to a jury instruction constitutes a waiver of any claim thereto. Underwood, supra, at syllabus.
A jury must be instructed on inferior degrees of the indicted offense where the evidence presented at trial supports such an instruction. R.C. 2945.74; Crim.R. 31(C). Aggravated assault is a crime of inferior degree to felonious assault as the elements of aggravated assault are identical to those of felonious assault, except that aggravated assault adds a mitigating element and, thus, carries a lesser penalty. State v. Deem (1988), 40 Ohio St.3d 205, paragraph four of the syllabus. In Deem, the Supreme Court of Ohio held that "in a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation, an instruction on aggravated assault must be given to the jury."Id.
"Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force." Id. at paragraph five of the syllabus. "In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded [her] at the time." Id.
Specifically, felonious assault is reduced to aggravated assault if the offender is "under the influence of sudden passion or in a sudden fit of rage * * * brought on by serious provocation occasioned by the victim[.]" R.C. 2903.12(A).
Defendant's testimony at trial does not support an instruction for aggravated assault because she maintained throughout her testimony that she fought back only in self-defense and did not act out of rage or provocation. At trial, Defendant testified:
 he jumped up, grabbed me by my hair, threw me against the wall. I fell on the ground. He got on top of me, banged my head on the ground and then he pulled me up, threw me into the door, banged my head on the door and that's when he threw me out of the apartment.
She further stated that she did not intentionally injure him but merely struck out as a means of protecting herself. Defendant repeatedly stated during cross-examination that she was not angry and she was not mad at Defendant. If Defendant was not in any way upset, she certainly was not provoked or enraged to the point of acting under a fit of sudden passion. Thus, the trial court did not err in not giving an instruction on aggravated assault as such an instruction was not supported by the evidence. Additionally, as such an instruction was never even requested, failure to give such an instruction certainly does not rise to the level of plain error as such an instruction would not have changed the outcome of the trial.
Defendant's first assignment of error is without merit.
 ASSIGNMENT OF ERROR II [Defendant] was denied effective assistance of counsel by trial counsel's failure to request a jury instruction on the inferior offense of aggravated assault.
In her second assignment of error, defendant has argued that she was denied effective assistance of counsel because her attorney failed to request an instruction on aggravated assault. We disagree.
The United States Supreme Court has set forth a two-part test to determine if a conviction or sentence should be reversed based upon ineffective assistance of counsel. Strickland v. Washington
(1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693. "First, the defendant must show that counsel's performance was deficient."Id. To meet this standard Defendant must be able to prove "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id.
Second, Defendant must establish that the deficient performance by counsel was serious enough that it resulted in prejudice to the defendant "[so] as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. The Supreme Court of Ohio set out a substantially similar standard in State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph two of the syllabus, holding "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance."
"[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689, 80 L.Ed.2d at 694. There are numerous ways for counsel to provide effective assistance in any given case. In light of these facts, debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45,49, certiorari denied (1980), 449 U.S. 879,66 L.Ed.2d 102.
In Ohio, there is a presumption that the failure to request an instruction on a lesser included offense constitutes a matter of trial strategy and does not by itself establish ineffective assistance of counsel. State v. Griffie (1996), 74 Ohio St.3d 332,333, citing State v. Clayton, supra. Stated another way, tactical decisions, even ones which in hindsight reveal themselves to be poor ones, do not constitute ineffective assistance of counsel. See State v. Hill (1996), 75 Ohio St.3d 195, 211.
Since Defendant repeatedly stated that she was not mad, angry, or upset with the victim, but rather that she feared for her own safety, it was reasonable under the facts presented at trial for Defendant's counsel to pursue a self-defense trial strategy to seek an acquittal and not request an instruction on an inferior degree offense. State v. Moore (1994), 97 Ohio App.3d 137,149-150. An instruction on the inferior degree offense could have been perceived by the jury as contradictory to the self-defense theory. Further it could have confused the jury to argue that Defendant acted in fear for her life, but also was provoked and acted in a fit of rage. Therefore, Defendant's counsel was not ineffective due to the decision not to request an instruction on aggravated assault. Defendant's second assignment of error is without merit.
Defendant's assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant. Exceptions.
 _____________________________ LYNN C. SLABY, FOR THE COURT.
BATCHELDER, P.J. and CARR, J. CONCUR.
[1] The State has alleged in its appellate brief that the Defendant has failed to provide this Court with a transcript of the jury instructions, and thus we are without knowledge as to what instructions were given or if any objections were made. The State encourages this court to affirm Defendant's conviction based upon this alleged lack of a transcript to review. Apparently the State failed to review the record prior to preparing its brief as there is a complete transcript of the jury instructions included in the appellate file. Therefore this Court declines the State's invitation to presume regularity in the proceedings and affirm on such a basis.