This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, James Barnett, appeals the decision of the Summit County Court of Common Pleas. We affirm.
 {¶ 2} On January 7, 2002, Mr. Barnett was indicted for one count of felonious assault, in violation of R.C. 2903.11(A)(2), a felony in the second degree. Mr. Barnett pled not guilty. A jury found Mr. Barnett guilty of felonious assault. During the sentencing hearing, Mr. Barnett moved for a new trial or modification of the verdict to a conviction for an aggravated assault. The trial court denied the motions and sentenced Mr. Barnett accordingly. This appeal follows.
 {¶ 3} Mr. Barnett asserts three assignments of error. We will address each in turn.
 First Assignment of Error {¶ 4} "APPELLANT WAS CONVICTED WITH EVIDENCE INSUFFICIENT AS A MATTER OF LAW THEREBY DENYING HIM DUE PROCESS RIGHTS GUARANTEED BY THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, § 16 OF THE OHIO CONSTITUTION.
 {¶ 5} "THE STATE FAILED TO CARRY ITS BURDEN OF PROVING THE CASE BEYOND A REASONABLE DOUBT IN THAT THE EVIDENCE IS INSUFFICIENT TO SUSTAIN A CONVICTION OF FELONIOUS ASSAULT SUCH THAT THE VERDICT IS AGAINST HE MANIFEST WEIGHT OF THE EVIDENCE. APPELLANT PROVED AND SUSTAINED HIS BURDEN OF PROVING SELF DEFENSE.
 {¶ 6} "A. THE COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION FOR A NEW TRIAL AT SENTENCING IN ACCORD WITH OHIO RULES OF CRIMINAL PROCEDURE RULE 33(A)(4)." [sic.]
 {¶ 7} In his first assignment of error, Mr. Barnett asserts that there is insufficient evidence to convict him, his conviction is against the manifest weight of the evidence, and the trial court erred in not granting his motion for a new trial. We disagree with each assertion.
 {¶ 8} First, we will address Mr. Barnett's assertion that his conviction is against the manifest weight of the evidence. When determining whether a conviction is against the manifest weight of the evidence,
 {¶ 9} "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 10} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 11} In order to find Mr. Barnett guilty of felonious assault, the prosecution needed to prove the elements which are set forth in R.C. 2903.11(A) as follows:
 {¶ 12} "No person shall knowingly do either of the following:
 {¶ 13} " ***
 {¶ 14} "(2) Cause or attempt to cause physical harm to another *** by means of a deadly weapon or dangerous ordnance."
 {¶ 15} R.C. 2901.22(B) defines the culpable mental state of knowingly as "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." Physical harm means "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). In addition, deadly weapon includes "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2923.11(A). Mr. Barnett does not contest the finding that the sledgehammer used in this case constituted a deadly weapon or that the injury at issue constituted physical harm. Applying the foregoing to the facts of this case, we turn now to the evidence adduced at trial.
 {¶ 16} In the present case, Mr. Barnett testified that he, his wife, and his step-son, Casey Sullivan, lived in an apartment at Whitehall Terrace in Summit county. Mr. Barnett testified that to enter his apartment, one must first proceed through an outer door which is attached to a high fence that surrounds his patio. Mr. Barnett further testified that on the morning of November 20, 2001, Mr. Barnett noticed Jeff Todd coming out of Mr. Barnett's bathroom, but Mr. Barnett did not speak to him. Mr. Barnett conceded that he had known Mr. Todd since elementary school. Mr. Barnett further testified that he did not want Mr. Todd staying at his apartment, so he wrote a note indicating this and taped it to the outer door of his patio.
 {¶ 17} Mr. Barnett testified that on November 21, 2001, at approximately 3:15 a.m. to 3:30 a.m., he was awakened by Mr. Todd yelling to him from inside his patio. Mr. Barnett testified that he told Mr. Todd to leave, but Mr. Todd did not leave. Mr. Barnett then stated that on his way to meet Mr. Todd on the patio, he picked up his sledgehammer. When asked why he picked up the sledgehammer, Mr. Barnett stated that "I didn't know what I was going to come across going outside *** I guess my adrenaline was pumping, I was nervous. I guess I was kind of confused on why he was even there." Mr. Barnett testified that once he was outside on the patio, he saw Mr. Todd raising a brick in his hand. Mr. Barnett stated that he then "pushed with both hands, like this, one to try to block his hand with that brick and the other to attempt to push him backwards or in this case, hitting him with the hammer." When asked whether he accidentally struck Mr. Todd, Mr. Barnett testified that "[m]y movement was intentional, the hammer did hit him." Mr. Barnett testified that after Mr. Todd left, Mr. Barnett called 911.
 {¶ 18} Mr. Todd testified that he had been staying in Mr. Sullivan's room in Mr. Barnett's apartment for a few days prior to November 21, 2001. On the evening of November 20, 2001, Mr. Todd testified that he and Mr. Sullivan went to a bar and had a few beers. Mr. Todd testified that he returned to Mr. Barnett's apartment with Mr. Sullivan in the early morning of November 21, 2001 and found the note that Mr. Barnett had left on the outer door. Mr. Todd testified that Mr. Sullivan could not get his keys to open the outer door to the patio, "[s]o he was pushing with his shoulder, kicking it, whatever."
 {¶ 19} Mr. Todd stated that he started calling to Mr. Barnett and "words were exchanged." Mr. Todd further stated that "the next thing I know he is bolting out of the actual door of the apartment and that's about the last I remember." When asked where he was standing when Mr. Barnett struck him, Mr. Todd testified that he was on the sidewalk outside the fenced patio. Mr. Todd denied ever picking up a brick.
 {¶ 20} Officer Frank Dimenna, of the Tallmadge Police Department, testified that he responded to a 911 call from Whitehall apartments. Officer Dimenna testified that Mr. Barnett told him that "he had struck Mr. Todd with a hammer." Officer Dimenna further testified about the condition of the outer door to the patio, stating that it "looked like it had been broken." Sergeant Jack Williams, of the Tallmadge Police Department, testified that he located a piece of brick outside of the patio area.
 {¶ 21} After careful review of the record, we cannot conclude that the trier of fact lost its way and created a manifest miscarriage of justice when it convicted Mr. Barnett of felonious assault. Although conflicting testimony was presented, we refuse to overturn the verdict because the jury chose to believe other testimony. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the [trier of fact] believed the prosecution testimony." State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757. Accordingly, we hold that Mr. Barnett's conviction was not against the manifest weight of the evidence.
 {¶ 22} "Because sufficiency is required to take a case to the [trier of fact], a finding that a conviction is supported by the manifest weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. Having already found that Mr. Barnett's conviction was not against the manifest weight of the evidence, we conclude that there was sufficient evidence to support the verdict in this case.
 {¶ 23} In his arguments regarding his first assignment of error, Mr. Barnett makes no argument with regard to the trial court's denial of his motion for a new trial. As a result, this Court will not consider that portion of the first assignment of error. See App. R. 12(A)(2).
 {¶ 24} Mr. Barnett's first assignment of error is overruled.
 Second Assignment of Error {¶ 25} "THE COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO INSTRUCT THAT A DUTY TO RETREAT DOES NOT APPLY TO A PATIO AREA OF ONE'S HOME."
 {¶ 26} In his second assignment of error, Mr. Barnett asserts that the trial court erred in overruling his motion to instruct the jury that a duty to retreat does not apply to a patio area of one's home. We disagree.
 {¶ 27} An appellate court respects the trial court's judgment on issues of jury instructions absent an abuse of discretion. State v.Mills, 9th Dist. Nos. 02CA0037-M, 02CA0038-M, 2002-Ohio-7323, at ¶ 39. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 28} "When considering whether a trial court should have provided a requested jury instruction, an appellate court views the instructions as a whole." Mills, at ¶ 39. Generally, a trial court should give the requested instructions if they are correct statements of law applicable to the facts of the case, and reasonable minds may reach the conclusion sought. Id. at ¶ 40. A trial court need not give a party's requested instructions to the jury verbatim; rather, the trial court may use its own language. Atkinson v. Internatl. Technegroup, Inc.
(1995), 106 Ohio App.3d 349, 365. If the trial court's instruction correctly states the law pertinent to the case, the trial court's use of that instruction will not constitute error even if it is not a comprehensive statement of the law. Id., citing Henderson v. Spring RunAllotment (1994), 99 Ohio App.3d 633, 638.
 {¶ 29} To establish the affirmative defense of self-defense, a defendant must prove, by a preponderance of the evidence, that: "(1) he was not at fault in creating the situation giving rise to the affray; (2) the defendant had a good faith belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was by use of force; and (3) that the defendant did not violate any duty to retreat." State v. Lansberry, 9th Dist. No. 21006, 2002-Ohio-4401, ¶ 8. (citations omitted.)
 {¶ 30} The trial court gave the following instruction in relation to the affirmative defense of self-defense:
 {¶ 31} "To establish self-defense, the defendant must prove, A, that he was not at fault in creating the situation giving rise to the event in which death or injury occurred; and, B, he had reasonable grounds to believe, and an honest belief, that he was in imminent or immediate danger of death or great bodily harm; and that his only means of retreat, escape or withdraw from such danger was by use of deadly force; and, C, that he had not violated any duty to retreat, escape or withdraw to avoid the danger.
 {¶ 32} "***
 {¶ 33} "If the defendant was assaulted in his home or business, or if the home or business was attacked, the defendant had no duty to retreat, escape or withdraw and could use such means as are necessary to repel the assailant from the home or business or to prevent any forcible entry to the home or business, even to the use of deadly force provided that he had reasonable grounds to believe and an honest belief that the use of deadly force was necessary to repel the assailant or to prevent the forcible entry."
 {¶ 34} In the present case, Mr. Barnett requested an instruction that the patio area is part of the occupied structure, and, therefore, there is no duty to retreat from the patio.
 {¶ 35} Mr. Barnett admits there was a factual dispute as to whether Mr. Todd was standing inside or outside the patio area. The trial court's instructions did include the instruction that there is no duty to retreat from one's home. From this instruction, the jury was free to conclude that the enclosed patio was part of Mr. Barnett's home. The trial court's instruction was a correct statement of the law pertinent to this case.
 {¶ 36} Upon review of the record, we do not find that the trial court abused its discretion by not providing the jury with Mr. Barnett's proposed instructions. Mr. Barnett's second assignment of error is overruled.
 Third Assignment of Error {¶ 37} "DEFENDANT WAS AFFORDED INEFFECTIVE ASSISTANCE OF COUNSEL IN THAT COUNSEL FAILED TO ASK FOR AN INSTRUCTION OF THE LESSER INCLUDED OFFENSE OF AGGRAVATED ASSAULT AND COUNSEL FAILED TO PROPERLY PREPARE THE DEFENDANT FOR TESTIMONY AT TRIAL.
 {¶ 38} "A. THE COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION FOR A NEW TRIAL AT SENTENCING IN ACCORD WITH OHIO RULES OF CRIMINAL PROCEDURE RULE 33(A)(4).
 {¶ 39} "B. COUNSEL WAS INEFFECTIVE IN THAT THE INSTRUCTION PERTAINING TO `DUTY TO RETREAT' WAS ERRONEOUS AND INCORRECT."
 {¶ 40} In his third assignment of error, Mr. Barnett asserts four arguments: (1) trial counsel was ineffective due to failure to ask for an instruction on the lesser included offense of aggravated assault; (2) trial counsel was ineffective due to failure to prepare Mr. Barnett for his testimony at trial; (3) the trial court erred in not granting Mr. Barnett's motion for a new trial; and (4) trial counsel was "ineffective in that the instruction pertaining to `duty to retreat' was erroneous and incorrect." We disagree with each argument. As the first, second, and fourth arguments all deal with ineffective assistance of counsel, we will address those arguments first.
 {¶ 41} A two-step process is employed in determining whether the right to effective counsel has been violated.
 {¶ 42} "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington
(1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693.
 {¶ 43} In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v.Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690. The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985), 17 Ohio St.3d 98, 100. Furthermore, an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160, 174.
 {¶ 44} Mr. Barnett's first argument that trial counsel was ineffective is trial counsel's failure to ask for an instruction on the lesser included offense of aggravated assault. Aggravated assault is defined in R.C. 2903.12 as:
 {¶ 45} "(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
 {¶ 46} "***
 {¶ 47} "(2) Cause or attempt to cause physical harm to another *** by means of a deadly weapon[.]"
 {¶ 48} Mr. Barnett argues that, given the facts of this case, there was serious provocation for Mr. Barnett to strike Mr. Todd. Mr. Barnett further argues that the jury should have been given an instruction on aggravated assault as an alternative to felonious assault. However, the Ohio Supreme Court has held that "[f]ailure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel." Statev. Griffie (1996), 74 Ohio St.3d 332, 333, citing State v. Clayton
(1980), 62 Ohio St.2d 45. Mr. Barnett has not established that were it not for trial counsel's failure to request a jury instruction on aggravated assault, the result of the trial would have been different. Consequently, Mr. Barnett has not demonstrated prejudice from his trial counsel's decision.
 {¶ 49} Mr. Barnett's second argument that trial counsel was ineffective is trial counsel's failure to prepare Mr. Barnett for his testimony at trial. Mr. Barnett argues that his preparation for testimony should have "more specifically and clearly addressed the events pertaining to the self-defense issue and lack of intent issues." Mr. Barnett has not shown that his trial counsel's alleged failure to prepare him for his testimony was so serious that he ceased to function as counsel or that the error was so serious as to deprive Mr. Barnett of a fair trial. See Strickland, 466 U.S. at 687.
 {¶ 50} Mr. Barnett's final argument that trial counsel was ineffective is that trial counsel failed to object to the jury instruction pertaining to self-defense and the duty to retreat. The second element of the trial court's jury instruction on self-defense stated "he had reasonable grounds to believe, and an honest belief, that he was in imminent or immediate danger of death or great bodily harm; and that his only means of retreat, escape or withdraw from such danger was by use of deadly force." (emphasis added.) This Court has held that the second element of the defense of self-defense is that "the defendant had a good faith belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was by the use of force." Lansberry, at ¶ 8. (emphasis added.) Mr. Barnett argues that the use of the additional word "deadly" in the trial court's jury instruction changed the outcome of the trial. We disagree.
 {¶ 51} Mr. Barnett has not shown that his trial counsel's failure to object to this jury instruction was so serious that he ceased to function as counsel or that the error was so serious as to deprive Mr. Barnett of a fair trial. See Strickland, 466 U.S. at 687.
 {¶ 52} In addition to his arguments of ineffective assistance of counsel, Mr. Barnett also argues in his third assignment of error that the trial court erred in not granting Mr. Barnett's motion for a new trial or modification of the verdict in accord with Crim. R. 33.
 {¶ 53} Crim. R. 33(A) states the following:
 {¶ 54} "Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 55} "***
 {¶ 56} "(4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified."
 {¶ 57} Motions for a new trial are within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. The standard for abuse of discretion is stated under the second assignment of error.
 {¶ 58} Mr. Barnett argues in his brief that the trial court should have modified the verdict to a conviction for aggravated assault rather than felonious assault. In support of his argument, Mr. Barnett points to the trial court's comments on the mutual culpability between Mr. Barnett and Mr. Todd. As this Court found under the first assignment of error, there was sufficient evidence in this case to convict Mr. Barnett of felonious assault and, therefore, the trial court did not abuse its discretion in denying his motion for a new trial or modification of the verdict. See State v. Cummings (June 14, 1994), 10th Dist. No. 93APA10-1386.
 {¶ 59} Mr. Barnett's third assignment of error is overruled.
 {¶ 60} Mr. Barnett's assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
BAIRD, P.J. and WHITMORE, J. CONCUR.