This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Ronald S. DuBois, appeals from his convictions in the Summit County Court of Common Pleas for tampering with evidence and carrying a concealed weapon. We affirm.
 {¶ 2} On April 23, 2002, the Summit County Grand Jury indicted Defendant on four separate counts: (1) two counts of aggravated robbery, in violation of R.C. 2911.01(A)(1); (2) carrying a concealed weapon, in violation of R.C. 2923.12; and (3) tampering with evidence, in violation of R.C. 2921.12(A)(1). Both counts of aggravated robbery had a firearm specification. Thereafter, a supplemental indictment was filed, wherein the grand jury indicted Defendant on carrying a concealed weapon, in violation of R.C. 2923.12. A jury trial followed. The jury found Defendant guilty of tampering with evidence and carrying a concealed weapon, as contained in the supplemental indictment, and not guilty of the remaining three counts. Following the jury's verdict, the trial court sentenced him accordingly. Defendant timely appeals and raises two assignments of error for review.
 ASSIGNMENT OF ERROR I {¶ 3} "Trial counsel was ineffective in failing to request a jury instruction on the lesser included offense of attempted tampering with evidence."
 {¶ 4} In his first assignment of error, Defendant contends that he was denied effective assistance of counsel as a result of his counsel's failure to request a jury instruction on the lesser-included offense of attempted tampering with evidence. Defendant's contention lacks merit.
 {¶ 5} The United States Supreme Court enunciated a two-part test to determine whether counsel's assistance was ineffective as to justify a reversal of sentence or conviction. Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674. "First, the defendant must show that counsel's performance was deficient." Id. To show the deficiencies in counsel's performance, a defendant must prove "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, a defendant must establish that counsel's deficient performance resulted in prejudice to the defendant which was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. "Ultimately, the reviewing court must decide whether, in light of all the circumstances, the challenged act or omission fell outside the wide range of professionally competent assistance." See State v. DeNardis (Dec. 29, 1993), 9th Dist. No. 2245, at 4.
 {¶ 6} Upon reviewing counsel's performance, there is a strong presumption that counsel's actions were part of a valid trial strategy. Strickland, 466 U.S. at 689. "A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound strategy." State v. Watson (July 30, 1997), 9th Dist. No. 18215, at 4. We note that there are numerous avenues in which counsel can provide effective assistance of counsel in any given case, and debatable trial strategies do not constitute ineffective assistance of counsel. State v. Gales (Nov. 22, 2000), 9th Dist. No. 00CA007541, at 17; State v. Clayton (1980), 62 Ohio St.2d 45, 49. Accordingly, whether to request a specific jury instruction on a lesser-included offense is a matter of trial strategy left to trial counsel's discretion. State v. Griffie (1996), 74 Ohio St.3d 332, 333.
 {¶ 7} As the issue to request a jury instruction on the lesser-included offense falls squarely within defense counsel's purview of trial tactics, we will not second-guess counsel's decision. Furthermore, we cannot find anything in the record to demonstrate that counsel's decision to forego a jury instruction on the lesser-included offense was anything other than a tactical election to seek an acquittal rather than a conviction on the lesser-included offense. Therefore, Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II {¶ 8} "There was insufficient evidence presented at trial to convict [Defendant] of tampering with [e]vidence."
 {¶ 9} In his second assignment of error, Defendant challenges the adequacy of the evidence presented at trial and, specifically, alleges that his conviction for tampering with evidence was based on insufficient evidence. Defendant's assigned error focuses on the fact that although he may have been in the process of tampering with evidence, his actions were interrupted by Officer Pickett. Consequently, he did not complete the crime. We disagree.
 {¶ 10} The Supreme Court of Ohio, in State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, articulated the applicable standard of review to determine the sufficiency of the evidence in the case of a conviction.
 {¶ 11} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, 61 Ohio St.3d 259 at paragraph two of the syllabus. See, also, State v. Thompkins (1997),78 Ohio St.3d 380, 386; State v. Feliciano (1996), 115 Ohio App.3d 646,652-653.
 {¶ 12} Defendant was found guilty of tampering with evidence, in violation of R.C. 2921.12(A)(1), which provides in pertinent part: "[n]o person, knowing that an official proceeding or investigation is in progress * * * shall * * * [a]lter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]" "Conceal" is defined as "prevent[ing] disclosure or recognition of" and "plac[ing] out of sight[.]" Webster's Ninth New Collegiate Dictionary (9th Ed. 1984) 271.
 {¶ 13} In the present case, Officer Delvin Pickett testified that he responded to a call from dispatch regarding "shots fired[.]" He further testified that as he approached the scene of the alleged crime, the call developed into a robbery call. Particularly, the victim alleged that his necklace and rings had been taken. Officer Pickett explained that a crowd began to congregate around the crime scene as other officers attempted to apprehend the suspect. As such, he watched and controlled the crowd. Officer Pickett stated that Defendant walked toward him and "reach[ed] on the ground in the grass and * * * [cupped] some shiny objects" in his hands and he "[tried] to put them into his pockets." Officer Pickett then testified that he told Defendant to "drop it [and] [j]ust leave it there[,]" and Defendant complied with his request. He asserted that the shiny objects were jewelry, and identified as the items taken from the victim.
 {¶ 14} Officer Pickett's testimony that Defendant "cupped" the jewelry in his hands was sufficient to prove the element of concealing the evidence. The jury could reasonably infer that by "cupping" the jewelry, Defendant was seeking to prevent the jewelry's disclosure by placing it out of sight. The fact that Defendant's concealment of the jewelry was ultimately unsuccessful does not demonstrate the State's failure to prove that element. See State v. Colquitt (Sept. 24, 1999), 2nd Dist. No. 98-CA-71 (finding that the State does not fail in proving the elements of tampering with evidence when a defendant's act of concealment is ultimately unsuccessful). Accordingly, we conclude that Defendant's assertion that the State did not produce sufficient evidence to support a conviction for tampering with evidence is without merit. Defendant's second assignment of error is overruled.
 {¶ 15} Defendant's assignments of error are overruled. The convictions in the Summit County Court of Common Pleas are affirmed.
CARR, J., WHITMORE, J. CONCUR.