{¶ 1} Defendant-appellant, Larry Young, appeals his felonious assault, domestic violence and possession of criminal tools convictions. We affirm.
 {¶ 2} A Cuyahoga County grand jury indicted appellant as follows: count one, felonious assault on Priscilla Young; count two, felonious assault on Jerry Smith; count three, felonious assault on Myiesha Price; count four, domestic violence on Priscilla Young; and count five, possession of a criminal tool, that being a car.
 {¶ 3} The matter proceeded to a jury trial. At the conclusion of the State's case, appellant made a Crim. R. 29 motion for acquittal, which was denied. The defense rested and renewed its motion, which was again denied. The jury returned a guilty verdict as to all counts. Appellant was sentenced to a three-year term.
 {¶ 4} The trial testimony revealed the following. Appellant and victim Priscilla Young were husband and wife, but had been living separate and apart for a number of years. They had several children together, and the children resided with Priscilla. Priscilla also resided with her boyfriend, victim Jerry Smith.
 {¶ 5} On the day of the incident, appellant went to Priscilla's house to get one of his children; his girlfriend, Crystal, accompanied him. The child was not home, and Crystal, who was in appellant's car, which was parked across the street from Priscilla's house, voiced her displeasure with the situation. Priscilla *Page 4 
and her daughter, Erica (also appellant's daughter), approached Crystal and a fight ensued. The record demonstrates that Priscilla and Crystal were arguing and fighting at one point, and at another point Erica and Crystal were arguing and fighting.
 {¶ 6} Appellant approached the fighting women, and told Priscilla to go back to her house. Priscilla did not, and appellant pushed her to the ground. Another one of the couple's children, Quamee, had been watching the incident from the house, and became angered by seeing his father push his mother. Quamee went to the scene, and a fight then ensued between Quamee and appellant. During the altercation, Quamee, used a "sword" to break out the rear window of appellant's car. Appellant and Jerry also had a physical altercation.
 {¶ 7} When the melee ended, appellant and Crystal got in their car. Appellant revved the engine, quickly drove backward then forward, made a wide turn, and drove the car up the curb, over the sidewalk, and through a fence, crashing it into the steps leading up to the porch of Priscilla's home. Priscilla and Jerry were at the bottom of the steps, and both testified that Priscilla pushed Jerry out of the way, and if she had not done so, the car would have hit him. Quamee's girlfriend, victim Myiesha Price, was up a few steps, closer to the porch.
 {¶ 8} Appellant's defense at trial was that he was attempting to leave the scene, but he had to swerve to avoid hitting Quamee, who was in the street, and *Page 5 
that is how he ended up crashing through Priscilla's yard. All of the State's eyewitnesses (Priscilla, Jerry, Quamee, and Myiesha), however, testified that Quamee was not in appellant's path. Quamee testified that he was in the house. The witnesses all testified that everyone had dispersed from the street and the area was completely clear.
 {¶ 9} In his first assignment of error, appellant contends that his trial counsel was ineffective because he did not request a jury instruction on aggravated assault. We disagree.
 {¶ 10} The standard of review of an ineffective assistance of counsel claim is well established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674, 104 S.Ct. 2052, in order to prevail on such a claim, appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial would have been different. State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.
 {¶ 11} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Id. at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given *Page 6 
case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 12} In order to warrant a reversal, appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 136. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
 {¶ 13} Appellant fails to meet the first prong of ineffective assistance of counsel, that is, that his counsel's performance fell below an objective standard of reasonableness.
 {¶ 14} R.C. 2903.12, governing aggravated assault, prohibits a person, "while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force," from knowingly causing or attempting to cause physical harm. Aggravated assault is an inferior degree of the offense of felonious assault. See State v. Deem (1988), 40 Ohio St.3d 205,533 N.E.2d 294, paragraph four of the syllabus; State v. Balditt (Apr. 24, 1997), Cuyahoga App. No. 79990.
 {¶ 15} The failure to request a jury instruction on an inferior degree of an offense can be a matter of trial strategy and, therefore, does not per se establish *Page 7 
ineffective assistance of counsel. State v. Griffie, 74 Ohio St.3d 332,333, 1996-Ohio-71, 658 N.E.2d 764; State v. Clayton (1980),62 Ohio St.2d 45, 47, 402 N.E.2d 1189.
 {¶ 16} Appellant did not pursue a "sudden passion" or "fit of rage" defense at trial. Rather, as already mentioned, the defense strategy was to argue that appellant unavoidably drove his car through Priscilla's yard so as not to hit Quamee (i.e., that it was an accident). Given that strategy, counsel obviously did not want to confuse the jury or reduce the possibility of obtaining an acquittal. See State v. Harris (1998),129 Ohio App.3d 527, 533, 718 N.E.2d 488; State v. Combs, 5th Dist. No. 2001CA00222, 2002-Ohio-1136 (pursuing a defense of self-defense is an attempt to gain a complete acquittal). Debatable trial tactics do not establish ineffective assistance of counsel. State v. Linville, Franklin App. No. 04AP-917, 2005-Ohio-3150, at ¶ 31.
 {¶ 17} Thus, appellant has failed to overcome the presumption that trial counsel employed a believable trial strategy in not requesting a jury instruction on aggravated assault. See State v. Irwin, Hocking App. Nos. 03CA13, 03CA14, 2004-Ohio-1129, ¶ 33. Accordingly, the first assignment of error is overruled.
 {¶ 18} For his second assigned error, appellant contends that the trial court erred by denying his Crim. R. 29 motion for acquittal. The essence of appellant's argument in this assignment of error is that the witnesses were not credible and their testimonies were inconsistent. *Page 8 
 {¶ 19} A Crim. R. 29 motion is a test of the sufficiency of the State's evidence. Evidentiary sufficiency involves an analysis of whether the case should have gone to the jury. State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. When examining a claim that there was insufficient evidence to sustain a conviction, the "inquiry is, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.
 {¶ 20} Thus, in determining whether a conviction is based on sufficient evidence, an appellate court does not assess credibility, but rather, determines whether, if believed, the evidence against a defendant would support a conviction. See Jenks, supra, at paragraph two of the syllabus; State v. Yarbrough, 95 Ohio St.3d 227, 2002-Ohio-2126,767 N.E.2d 216, ¶ 79. A guilty verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier-of-fact. Jenks, supra, at 273; State v. Dennis, 79 Ohio St.3d 421,430, 1997-Ohio-372, 683 N.E.2d 1096.
 {¶ 21} Counts one, two, and three of the indictment charged appellant with knowingly causing or attempting to cause physical harm to Priscilla, Jerry, and Myiesha, by means of an automobile, that is, felonious assault in violation of R.C. 2903.11(A)(2). Count five charged that the automobile was under appellant's control, and that he acted purposely to use it in a criminal way, that *Page 9 
is, possession of a criminal tool in violation of R.C. 2923.24(A). The State presented evidence that, if believed, would support felonious assault and possession of criminal tools convictions.
 {¶ 22} That evidence, presented through the testimony of Priscilla, Jerry, Quamee, and Myiesha, was that appellant revved his engine, quickly drove backward then forward, made a wide turn, and drove his vehicle over the curb and sidewalk, crashing through a gate to the steps of Priscilla's house where Priscilla, Jerry, and Myiesha were standing. Evidence was also presented that there was no one in appellant's way that he had to swerve to avoid hitting.
 {¶ 23} Count four charged appellant with domestic violence against Priscilla. R.C. 2919.25(A), governing domestic violence, provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." "Family or household member" is defined as "[a]ny of the following who is residing or has resided with the offender:
 {¶ 24} "(i) A spouse, a person living as a spouse, or a former spouse of the offender[.]" R.C. 2919.25(F).
 {¶ 25} The State presented evidence that, if believed, would support a domestic violence conviction. That evidence was that Priscilla and appellant, although living separate and apart, were husband and wife. That evidence was further that appellant pushed her to the ground. *Page 10 
 {¶ 26} In light of the above, the State presented sufficient evidence to support the felonious assault, possession of a criminal tool, and domestic violence convictions. Accordingly, the second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and KENNETH A. ROCCO, J., CONCUR *Page 1