[Cite as *State v. Richter*, 2017-Ohio-1347.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. William B. Hoffman, J. |
| -vs- | |
| | Case No. 16-CA-67 |
| JOSEPH RICHTER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Licking County Municipal
                              Court, Case No. 16-TRC-0061


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       April 10, 2017


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

MARK D. GARDNER                       KEVIN J. GALL
Utica Prosecutor                      Burkett & Sanderson, Inc.
18 North 2nd Street, Suite 201        73 North 6th Street
Newark, Ohio 43055                    Newark, Ohio 43055

*Hoffman, J.*

{¶1} Defendant-appellant Joseph Richter appeals his conviction entered by the Licking County Municipal Court on one count of operating a vehicle while intoxicated. Plaintiff-Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On January 24, 2016, at 1:07 a.m., Patrolman Joshua Jones of the Utica Police Department observed Appellant travelling north on State Route 13 in Utica, Ohio. Patrolman Jones observed Appellant cross over the white fog line, and weave over to the double yellow centerline. Appellant continued to weave in his lane of travel. Patrolman Jones saw Appellant's turn signal was on, about a mile from the nearest turn. Appellant deactivated the turn signal, and activated high beams then turned them off. Patrolman Jones initiated a traffic stop.

{¶3} Upon approaching the vehicle, Patrolman Jones noticed an overwhelming odor of alcohol and Appellant's visible intoxication, slurring his speech and glossy bloodshot eyes. Both Appellant and his wife, the passenger in the vehicle, were visibly intoxicated. Patrolman Jones inquired as to whether Appellant had been drinking alcohol, to which Appellant "hung his head" and said, "Yes, I have been drinking."

{¶4} Appellant was asked to step out of the vehicle, and was very unsteady on his feet, leaning on the cruiser. Patrolman Jones asked Appellant to perform field sobriety tests. Appellant claims to have refused, stating he would fail the tests.

{¶5} Patrolman Jones testified he performed the tests on Appellant, including the horizontal gaze nystagmus test, observing six of the six clues for intoxication. He then

had Appellant perform further field sobriety tests, observing four of the eight clues for intoxication. Appellant could not complete the one-legged stand test, with Patrolman Jones observing two of the four clues. Patrolman Jones then placed Appellant under arrest for OVI.

{¶6} Patrolman Jones was not certified to perform the BAC Datamaster test, and asked for assistance from the Licking County Sheriff's Department. Deputy Barth Waldeck met Patrolman Jones with Appellant at the Utica Police Department. Appellant advised Patrolman Jones he would refuse the chemical testing. Patrolman Jones provided Appellant with a copy of BMV 2255, and Jones verbally read the document to Appellant. Patrolman Jones advised Appellant, due to his prior convictions for OVI within the previous twenty years, he was mandated to submit to chemical testing and failure to do so would have consequences.[1] Appellant refused to sign the BMV 2255. Deputy Waldeck proceeded to process the refusal through the BAC Datamaster. Appellant was transferred to jail.

{¶7} Following a jury trial, Appellant was found guilty of OVI, in violation of R.C. 4511.19(A)(1), and a marked lanes violation, in violation of R.C. 4511.33. The trial court sentenced Appellant to a jail term in addition to imposing fines and costs.

{¶8} Appellant appeals, assigning as error:

{¶9} "I. THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

---

[1] Appellant had two prior convictions for OVI in 1999, and 2001.

{¶10} "II. THE TRIAL COURT COMMITTED HARMFUL ERROR IN SUSTAINING THE STATE'S OBJECTION TO DEFENSE COUNSEL'S LINE OF QUESTIONING REGARDING PATROLMAN JONES' EMPLOYMENT STATUS."

I.

{¶11} In the first assignment of error, Appellant maintains his trial counsel was ineffective in failing to call Amanda Richter, Appellant's wife and the passenger in the vehicle, as a witness for the defense to corroborate his claim he did not perform field sobriety tests.

{¶12} The standard for reviewing claims for ineffective assistance of counsel was set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984). Ohio adopted this standard in the case of *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373(1989). These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.

{¶13} First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and volatile of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether the defense was actually prejudice by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different.

{¶14} A defendant claiming the ineffective assistance of trial counsel must submit evidentiary material containing sufficient operative facts demonstrating a substantial violation of any of defense counsel's essential duties to his client and prejudice arising

from counsel's ineffectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 714 NE.2d 905, 1999 Ohio 102. Decisions which constitute trial strategy do not generally rise to the level of ineffective assistance of counsel. A reviewing court must adopt a deferential attitude toward strategic and tactical decisions made as part of trial strategy. *State v. Griffie*, 74 Ohio St.3d 332, 658 N.E.2d 764 (1996); *State v. Dixon,* Muskingum App. No. CT2013-0055, 2014-Ohio-4235.

**{¶15}** Appellant maintains his wife was present at the scene, and could have testified as to the traffic stop and his performance or non-performance of the field sobriety tests. Appellant maintains he refused to submit to any field sobriety testing, while Patrolman Jones testified as to Appellant's performance on the tests.

**{¶16}** The record demonstrates Amanda Richter was visibly intoxicated during the stop, and was very unsteady on her feet when exiting the vehicle. Tr. at 60-61. She informed Patrolman Jones she and Appellant had been drinking, and Appellant himself admitted to drinking. Appellant was cited with OVI, in violation of R.C. 4511.19(A)(1)a and 4511.19(A)(2).

**{¶17}** The statute reads, in pertinent part,

(2) No person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, a violation of division (A)(1) or (B) of this section, or any other equivalent offense shall do both of the following:

(a) Operate any vehicle, streetcar, or trackless trolley within this state while under the influence of alcohol, a drug of abuse, or a combination of them;

(b) Subsequent to being arrested for operating the vehicle, streetcar, or trackless trolley as described in division (A)(2)(a) of this section, being asked by a law enforcement officer to submit to a chemical test or tests under section 4511.191 of the Revised Code, and being advised by the officer in accordance with section 4511.192 of the Revised Code of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests.

{¶18} Appellant has not presented or proffered for the record evidence as to the proposed testimony of Amanda Richter. Appellant only speculates her testimony would have corroborated his. We find Appellant has failed to demonstrate there is a reasonable probability the outcome of the trial would have been different.

{¶19} The first assignment of error is overruled.

II.

{¶20} In the second assignment of error, Appellant argues the trial court abused its discretion in sustaining the State's objection to defense counsel's line of questioning regarding Patrolman Jones' employment status. Appellant maintains the trial court committed harmful error as the evidence was relevant to the proceedings herein.

{¶21} On cross-examination, defense counsel inquired of Patrolman Jones,

Q: At this point in time are you required to have another officer in your vehicle?

A: No.

Q: Okay has your status with the Utica Police Department changed since this arrest?

A: It has.

Q: Okay what is that change?

MR. GARDNER: I object as to relevance.

THE COURT: Approach.

(A brief pause while the counsel is at the bench, off record. Following the pause at the bench, the following proceedings were held.)

THE COURT: I will sustain the objection.

Tr. at 77.

{¶22} The admission or exclusion of relevant evidence is a matter left to the sound discretion of the trial court. Absent an abuse of discretion resulting in material prejudice to the defendant, a reviewing court should be reluctant to interfere with a trial court's decision in this regard. *State v. Hymore,* 9 Ohio St.2d 122, 128, 224 N.E.2d 126 (1967) citing *State v. Sage* (1987), 31 Ohio St.3d 173. Appellant did not proffer the testimony nor indicate what the testimony would have established though admittedly not required to do so because it was on cross-examination. Based on the record presented, we find the trial court did not abuse its discretion in excluding this testimony.

{¶23} The second assignment of error is overruled.

{¶24} Appellant's conviction entered by the Licking County Municipal Court is affirmed.

By: Hoffman, J.

Delaney, P.J.  and

Gwin, J. concur