OPINION
{¶ 1} Defendant-appellant John M. Viers appeals from the judgment and sentence of the Jefferson County Common Pleas Court entered after a jury found him guilty of aggravated burglary and felonious assault. We are faced with arguments concerning the state's failure to disclose a statement made by the co-defendant, the court's failure to sua sponte instruct on the lesser included offense of breaking and entering, the court's imposition of the maximum sentence for the aggravated burglary, and the court's running the sentences consecutively. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE FACTS {¶ 2} A burglary and shooting occurred in the early morning hours of August 12, 2000, most probably between 4:00 and 5:00 a.m., on Highland Avenue in Steubenville, Ohio. According to the testimony of Delwon Whatley, he, appellant, and appellant's brother, Raphael Butler, decided to enter a house in order to steal drugs and money. Apparently, someone had obtained drugs for Whatley from the house a few hours before. Whatley, who carried a gun, entered through a broken window and let the other two in through a door. After their search of the downstairs for drugs and money was unsuccessful, they proceeded upstairs. When their search of an unoccupied bedroom was also unsuccessful, they entered the bedroom where Josea Brown and Joseph Barker were sleeping. Whatley broke the light in the room, pointed the gun at the couple, and either demanded that they give him "the shit" or "give it up." (Tr. 159, 180). Mr. Barker got out of bed and began wrestling Whatley for control of the gun. (Tr. 159, 181). Their movements carried them into the next room where appellant allegedly swung at Mr. Barker in order to save Whatley. At this time, the gun went off, shooting a bullet through Mr. Barker's arm.
 {¶ 3} Both victims knew Whatley and appellant prior to the burglary. Ms. Brown identified Whatley as the gunman and identified appellant as an accomplice who advised Whatley to leave after the gun went off. (Tr. 135-139). Appellant has an identical twin brother who was at the trial; however, Ms. Brown advised that she could tell them apart because she used to date the brother, Raphael Butler, who Whatley named as the third participant in the burglary. Mr. Barker also identified Whatley and appellant as his two assailants. (Tr. 159-161). He added that when appellant swung at him, appellant stated, "Get off my boy." (Tr. 161).
 {¶ 4} Appellant's girlfriend, Christina Martin, testified as an alibi witness. She stated that she met appellant at 2:10 a.m. in front of a pizza restaurant with his brother, Raphael. (Tr. 204-206, 214). She said that appellant came home with her and watched a movie until 3:45 a.m., at which they fell asleep; she noted that they woke up together around 9:00 a.m. (Tr. 206).
 {¶ 5} On February 7, 2001, appellant was indicted for aggravated robbery, aggravated burglary, and felonious assault; a firearm specification was attached to each count. A jury trial was held on May 10, 2001. The jury acquitted appellant of aggravated robbery and all firearm specifications. However, the jury found appellant guilty of aggravated burglary and felonious assault. At sentencing the next day, the court imposed the maximum sentence of ten years on the aggravated burglary charge to run consecutively with three years on the felonious assault charge. The entry was journalized May 17, 2001.
 {¶ 6} Appellant filed a motion for a new trial the next day alleging that while confined in jail awaiting transfer to prison, appellant spoke to Whatley who told him that he originally told the police that appellant was not with him. Counsel received a copy of Whatley's transcribed statement and attached it to the motion for a new trial. On May 31, 2001, the trial court heard arguments and then denied the motion for a new trial, finding that although defendant was entitled to the statement, its omission from discovery documents was not prejudicial.
 {¶ 7} The within appeal followed. Original appellate counsel filed a brief setting forth two assignments of error dealing with sentencing issues. Thereafter, new appellate counsel sought leave to file a supplemental brief, which this court permitted and which resulted in assignments of error numbers three, four, and five.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 8} Appellant's first assignment of error contends:
 {¶ 9} "The Court Erred To The Prejudice Of The Appellant In Imposing The Maximum Sentence Of Incarceration On The Aggravated Burglary Charge."
 {¶ 10} First, appellant argues that R.C. 2929.14(B) requires the trial court to impose the minimum sentence unless the court states reasons on the record as to why the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender or others. Contrary to appellant's argument, only findings are required; reasons are not required according to the plain language of R.C. 2929.14(B) and the case law of State v.Edmonson (1998), 86 Ohio St.3d 324. Regardless, the requirement for deviation from the minimum sentence contained in R.C. 2929.12(B) is specifically inapplicable to offenders who have served prior prison time, as appellant has. (Tr. 3, 5); Sentencing Entry.
 {¶ 11} Unlike deviation from the minimum, imposition of the maximum requires the trial court to make both statutory findings and reasons therefor. R.C. 2929.14(C); 2929.19(B)(2)(d); Edmonson,86 Ohio St.3d at 328-329. The available findings for imposing a maximum sentence are as follows: the offender committed one of the worst forms of the offense; the offender poses the greatest likelihood of committing future crimes; certain major drug offenders; and repeat violent offenders. R.C.2929.14(C).
 {¶ 12} Here, the court found that appellant committed the worst form of the offense and that he poses the greatest likelihood of recidivism. In giving its reasons for determining that appellant committed the worst form of the offense, the court noted that he helped burglarize a home with a gun, knowing the occupants were there, and proceeded upstairs to purposely wake the occupants and guarantee a confrontation. (Tr. 5-6); Sentencing Entry. In giving its reasons for determining that appellant posed the greatest likelihood of recidivism, the court pointed out a prior conviction and the fact that appellant disregarded being on probation and had his probation revoked. (Tr. 6). The sentencing entry noted that appellant was discharged from prison in February 1999 and committed this offense less than two years after his release while on a community control sanction.
 {¶ 13} As correctly noted by appellant, we may not reverse a sentence unless we find by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C.2953.08(G)(2). In his attempt to have this court reach that conclusion, appellant argues that he did not commit the worst form of the offense of aggravated burglary. He points to the factors relevant to weighing the seriousness of crimes in R.C. 2929.12(B). Although the victim was shot through his bicep, appellant contends that "no physical or psychological harm was perpetrated on the victim." He later prefaces physical harm with serious and attempts to minimize the gunshot wound. Strangely, he argues that the crime is not serious because the victim was involved in the drug trade and such dangers go along with the lifestyle. He notes that testimony showed that after the gun went off, he urged Whatley to leave. He claims that no testimony showed that he knew Whatley had a gun; however, Whatley testified that appellant knew that a gun would be used. Finally, he argues that it is not the worst form of the offense because he did not have the gun.
 {¶ 14} Because the trial court made the requisite findings and gave its reasons in support thereof, we could only reverse if we found by clear and convincing evidence that the sentence is not supported by the record on either of two alternative findings. Realizing that the trial court made two alternative findings with reasons in support of each, appellant then argues that he does not pose the greatest likelihood of recidivism because his prior crimes of misdemeanor possession of drug paraphernalia and fifth-degree felony receiving stolen property are not violent offenses. However, prior offenses need not be violent to cause an offender to pose the greatest likelihood of committing future crime. Appellant violated prior probation for receiving stolen property by possessing drug paraphernalia, causing the probation to be revoked and causing him to go to prison for approximately ten months. (Tr. 3). Appellant was twenty-three at the time of this current offense and twenty-four at sentencing; hence, two priors is not that minimal considering his age and the fact that almost a year of that time was spent in prison. Appellant violated another community control sanction when he committed these current offenses. (Tr. 5). Hence, the maximum sentence was supported by the record. This assignment of error is overruled, and the maximum ten-year sentence for aggravated burglary is affirmed.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 15} Appellant's second assignment of error alleges:
 {¶ 16} "The Court Erred In Imposing Consecutive Rather Than Concurrent Prison Sentences When The Aggravated Burglary And Felonious Assault Were The Same Transaction And Occurrence."
 {¶ 17} Rather than arguing that the court failed to make the requisite findings with reasons under R.C. 2929.14(E)(4) and2929.19(B)(2)(c) to support consecutive sentences, appellant argues that only one term of incarceration was permitted under R.C. 2929.71(B). He insists that he cannot be sentenced on both aggravated burglary and felonious assault because they occurred in the same transaction. Counsel asked the court to use its discretion to run the sentences concurrently due to his opinion that the crimes constituted only one set of circumstances, but he did not raise any argument concerning the statute or any mandatory law.
 {¶ 18} Regardless, appellant's analysis is misguided. For one thing, R.C. 2929.71 was repealed by Senate Bill 2 in July 1996 and its contents are inapplicable here. The relevant portion of the former statute read:
 {¶ 19} "If an offender is convicted of, or pleads guilty to, two or more felonies and two or more specifications charging him with having a firearm on or about his person or under his control while committing the felonies, each of the three-year terms of actual incarceration imposed pursuant to this section shall be served consecutively with * * * [the other prison terms] unless any of the felonies were committed as part of the same act or transaction. If any of the felonies were committed as part of same act or transaction, only one three-year term of actual incarceration shall be imposed for those offenses, which three-year term shall be served consecutively with [the other prison terms] * * *." R.C.2929.71(B).
 {¶ 20} The editorial note under this repealed statute directs us to current R.C. 2929.14 for analogous provisions. Pursuant to R.C.2929.14(D)(1)(b), "[a] court shall not impose more than one prison term on an offender under (D)(1)(a) of this section [which lists the various terms of actual incarceration for firearm specifications] for felonies committed as part of the same act or transaction."
 {¶ 21} Both the repealed and current statutory provisions and the case law cited by appellant deal with merging firearm specifications. They are unrelated to merging offenses themselves, which in fact the court did in regards to the two counts of aggravated burglary (one under division (A)(1) and one under division (A)(2) of section 2911.11). Appellant was not convicted of any firearm specification; hence, R.C.2929.71(B) and the case law interpreting it are inapplicable. This assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 22} Appellant's third assignment of error provides:
 {¶ 23} "Appellant's Due Process Right Was Violated By Ineffective Assistance Of Appellate Counsel In Failing To Assign The Trial Court's Denial Of Appellant's Motion For New Trial As Error."
 {¶ 24} This assignment of error basically just argues that prior appellate counsel should have argued what current appellate counsel argues in the fourth assignment of error. Since, this is not a reopened appeal, but rather a situation where we permitted current counsel to supplement the brief of prior appellate counsel, there is no basis to support this claimed error. Hence, we proceed to the next assignment.
 ASSIGNMENT OF ERROR NUMBER FOUR {¶ 25} Appellant's fourth assignment of error provides:
 {¶ 26} "The Trial Court Erred In Failing To Grant New Trial Where The Prosecutor Suppressed Evidence Favorable To Appellant's Defense."
 {¶ 27} Pursuant to Crim.R. 16(B)(1)(a), upon motion of the defendant, the court shall order the prosecutor to allow the defendant to inspect and copy any of the following, which are available to the state, the existence of which is known or by the exercise of due diligence may become known to the prosecutor: (i) relevant written or recorded statements made by the defendant or co-defendant, and (ii) written summaries of any oral statement made by the defendant or co-defendant to a prosecuting attorney or any law enforcement officer. According to Crim.R. 16(B)(1)(f), on motion of the defense, the court shall order the prosecutor to disclose all evidence favorable to the defendant and material to either guilt or punishment that is known or which may become known. A request for a bill of particulars requires the prosecutor to furnish information setting up specifically the nature of the offense and of the conduct of defendant. Crim.R. 7(E).
 {¶ 28} On February 15, 2001, defense counsel filed a demand for discovery which sought in pertinent part any evidence which may be known to the prosecutor that is favorable to the defendant and material to either guilt or punishment. The prosecutor responded that there is no evidence known to the state as of March 15, 2001, that is favorable to defendant and material either to guilt or punishment. In a separate request for a bill of particulars filed that same day, defense counsel demanded among other things statements of defendant and other witnesses, to which the state responded that there were no statements of defendant. Defense counsel also asked for all information which tends to exculpate appellant through indication of his innocence or through the potential impeachment of any state witness, to which the state responded there was none known. Whatley was listed as a state's witness, and his criminal record was provided.
 {¶ 29} As previously mentioned, Whatley testified against appellant and incriminated himself as a burglar and the shooter of Mr. Barker. After trial, Whatley apparently mentioned to appellant in jail that he originally told the police that he was not at the house that fell victim to burglary and that appellant was not with him. Defense counsel then asked Whatley's defense counsel for a copy of Whatley's original recorded and transcribed statement which was made on March 9, 2001 after police arrested him for a different crime he committed that day and on warrants relating to the current offenses. After reading Whatley's original statement to police, appellant filed a motion for new trial with the transcribed statement attached.
 {¶ 30} In reading the statement, two things are worth mentioning. One, the first five and one-half pages of the nine-page transcription deal with an unrelated accusation against Whatley for offenses he allegedly committed which precipitated the arrest on the day of the statement. This may explain why the statement was not provided in discovery in this case. The last page of the transcription is not really relevant to anything. Hence, there are no more than two and one-half pages referring to the burglary.
 {¶ 31} In any case, the three or four references to appellant are unclear. In telling Whatley what the two victims related, the investigating officer never mentions the accomplice's name. For instance, the part of the statement which defense counsel claims he should have been given, provides:
 {¶ 32} "Q: * * * They talk about you guys pulling the phone cord out — which I have. They talk about the other boy's father that was with you and went to Josea Brown's father telling him how sorry he was for what you did and what his boy did in that house that night.
 {¶ 33} "A: His father? Whose father?
 {¶ 34} "Q: The other guy's father. I got a statement from father to father.
 {¶ 35} "A: He wasn't with me because I wasn't with him. * * *
 {¶ 36} "Q: So you're telling me you had nothing to do with it.
 {¶ 37} "A: I had nothing to do with it."
 {¶ 38} There is no indication that Whatley knew exactly who "the other guy" was that the officer mentioned. In fact, Whatley asked, "Whose father?" For all we know, Whatley may have thought the officer meant Raphael Butler (the third member of the burglary in question).
 {¶ 39} As the trial court held, even though the statement may have been discoverable, a new trial was not required absent prejudice. In dealing with exculpatory or impeachment evidence that is not disclosed to the accused in discovery, there is a due process violation if the accused has been denied a fair trial. State v. Johnston (1988), 39 Ohio St.3d 48,60, citing United States v. Bagley (1985), 473 U.S. 667, 105 S.Ct. 3375,87 L.Ed.2d 481, and Brady v. Maryland (1963), 373 U.S. 83,83 S.Ct. 1194, 10 L.Ed.2d 215. Specifically, the evidence must be material. Id. at 61. Evidence is material in this context only if there is a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed to the defense; a reasonable probability is that sufficient to undermine the court's confidence in the outcome. Id. The existence of a mere possibility that the undisclosed item might have helped the defense does not satisfy the test of materiality. UnitedStates v. Agurs (1976), 427 U.S. 97, 109-110, 96 S.Ct. 2392, 2400,49 L.Ed.2d 342, 353. See, also, Bagley, 473 U.S. 667.
 {¶ 40} Here, Whatley's original denial of involvement in the burglary could have been presented as impeachment evidence at trial. However, the evidence is not material in that it does not undermine our confidence in the outcome. Whatley's credibility and character were put in doubt by other facts such as: he was the shooter who testified in exchange for a lighter sentence on nine pending charges, he had a prior criminal record, he drank and did drugs hours prior to the burglary. In addition, the fact that the prime suspect in a burglary and shooting originally denies his involvement when police pick him up on a warrant for the four related charges and on probable cause for new crimes is not unexpected or particularly damaging to his credibility. Moreover, the jury was aware of the fact that appellant had an identical twin brother which may have resulted in identification confusion.
 {¶ 41} Further, Whatley was not the only eyewitness to appellant's involvement; the two victims both knew appellant prior to the burglary and both identified appellant as one of the burglars. Under this assignment of error, appellant also makes reference to testimony from Raphael Butler's trial, which occurred subsequent to this appeal. He argues that the testimony establishes that the victims' original statements to police did not disclose appellant's name and that such statements were not revealed to appellant in discovery. However, we cannot address such allegations for the first time on appeal. As noted, the testimony complained about was not produced until after this appeal was filed and the trial court did not deny a new trial (the subject of this assignment) on these grounds.
 {¶ 42} Finally, we note that appellant's counsel asked Whatley if he remembers telling counsel in April (one month after making the statement to police) that he was holding out for a deal. (Tr. 191). This implies that counsel knew that Whatley did not immediately confess his involvement. For all of the foregoing reasons, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER FIVE {¶ 43} Appellant's fifth and final assignment of error contends:
 {¶ 44} "The Trial Court Erred In Failing To Instruct On Lesser Included Offense Of Breaking And Entering."
 {¶ 45} Appellant was tried for aggravated burglary in violation of R.C. 2911.12(A)(1) and (2). This crime involves trespassing in an occupied structure with force, stealth, or deception when a person is present with purpose to commit any criminal offense and (1) the offender inflicts or attempts or threatens to inflict physical harm or (2) the offender has a deadly weapon on or about his person or under his control. Burglary (nonaggravated) involves trespassing in an occupied structure by force, stealth, or deception when another is present with purpose to commit any criminal offense. R.C. 2911.12(A)(1). Breaking and entering in violation of R.C. 2911.13 involves either (A) trespassing in an unoccupied structure by force, stealth, or deception with purpose to commit any theft offense or felony or (B) trespassing on land or premises of another with purpose to commit a felony.
 {¶ 46} Appellant argues that the jury should have been instructed on breaking and entering. In support of his argument that a breaking and entering instruction was warranted, appellant focuses on the fact that he did not carry the gun or inflict the physical harm himself. He sidesteps the doctrine of complicity and the testimony that appellant knew that Whatley was carrying his gun. Regardless of whether a breaking and entering instruction was permissible, there was no request here.
 {¶ 47} Note that appellant does not now allege ineffective assistance of trial counsel for failure to seek an instruction; this may be something overlooked or may be because courts tend to overrule such arguments based upon our deference to the all-or-nothing trial strategy. See State v. Griffie (1996), 74 Ohio St.3d 332, 333. Rather, appellant relies on plain error for this assignment of error.
 {¶ 48} Crim.R. 52(B) provides that plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court. By relying on the plain error doctrine, appellant basically contends that the trial court should have sua sponte instructed the jury on the lesser included offense of breaking and entering. The concept is the same: if it is not ineffective assistance of counsel, then how can it be error by the court; is a court to advise counsel that a lesser included instruction may be a wise trial tactic? Plain error requires there to have been an error. State v. Hill
(2001), 92 Ohio St.3d 191, 200. However, the lack of a sua sponte lesser included offense instruction when there is sufficient evidence to support the convicted charge is not an error. Moreover, the idea is not plain or obvious. Also, we do not have exceptional circumstances as required for exercise of the plain error doctrine. Regardless, Crim.R. 52 allows us to take corrective action, but it does not require us to do so.
 {¶ 49} In any event, even under appellant's argument, any lesser included offense instruction for the aggravated burglary charge would not have been for breaking and entering but would have been for (non-aggravated) burglary, as they entered an occupied structure with force and stealth. State v. Thomas (1988), 40 Ohio St.3d 213. Here, the evidence presented would not support acquittal of burglary and conviction of breaking and entering as, under the first alternative type of breaking and entering under R.C. 2911.13(A), the house was not "unoccupied." Id. (requiring a lesser included offense instruction upon request only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense).
 {¶ 50} As to the second alternative type of breaking and entering in R.C. 2911.13(B), a lesser included offense is one that not only has a lesser penalty and lacks an element that is required for the greater offense, but it also requires that the greater offense can never be committed without also committing the lesser offense. State v. Deem
(1988), 40 Ohio St.3d 205, syllabus. The breaking and entering section at issue requires purpose to commit a felony. But aggravated robbery can be committed without purpose to commit a felony, as the statutory element for the aggravated robbery herein is merely purpose to commit any crime. As such, the aggravated robbery can be committed without committing this type of breaking and entering. For the preceding reasons, this assignment of error is without merit.
 {¶ 51} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
Waite, P.J., and DeGenaro, J., concur.